United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 03-41422

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

QUINCY V. GILFORD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
m C:03-CR-81-ALL

_____

Before JOLLY, JONES, and SMITH,
   Circuit Judges.

PER CURIAM:[*]

This court affirmed Quincy Gilford, Jr.'s, conviction and sentence. *United States v. Gilford*, 95 Fed. Appx. 549 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Gilford v. United States*, 125 S. Ct. 1011 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Gilford claims there is error under *Booker* because the district court, rather than a jury, made the finding that he possessed a firearm in connection with the felony offense of possession of crack cocaine, which finding resulted in a four-level enhancement under U.S.S.G. § 2K2.1(b)(5). At sentencing, Gilford unsuccessfully contended that he possessed the weapon to commit suicide and that the cocaine was for personal use only. In his petition for writ of certiorari, Gilford argued for the first time that the finding by a judge, rather than by a jury or based on his own admissions, violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004), on which *Booker* largely relied.

In considering a case that has been remanded for further review in light of *Booker*, and

"absent extraordinary circumstances, we will not consider . . . *Booker*-related arguments . . . raised for the first time in a petition for [writ of] certiorari." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *3 (5th Cir. May 17, 2005) (per curiam). As we discuss below, there is no inequity here that would make this case "extraordinary."

"Because [the defendant] did not raise his *Booker*-related arguments in the district court, had he raised these challenges in this court before the decision issued on his direct appeal, we would have reviewed them for plain error." *Id.* at *3-*4 (citation omitted). For any findings made by the judge in violation of *Booker*, it is undisputed that, as we have said, Gilford did not raise a Sixth Amendment objection or complain that the facts at issue must be decided by a jury if not admitted to by the defendant. So, the plain error standard of review applies because Gilford did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). The first two prongs are satisfied: There is plain error, because the four-level enhancement was made on the basis of judge-made factfinding.

With regard to the third prong, under *Mares*, "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Gilford must "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Taylor*, 2005 U.S. App. LEXIS 8701, at *4 (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521.

Gilford has presented nothing to satisfy that burden. The district court sentenced at the top end of the guideline range (57 months) and announced that it was even considering an upward departure in the criminal history category from III to IV. This shows that the court was not influenced by any factual findings that may have affected the calculation of the range.

Finally, Gilford contends that no showing of prejudice or detriment to his substantial rights is required, because *Booker* error "is clearly a structural error because it affected the entire framework within which Mr. Gilford's sentencing proceeded." This contention has no merit, for we have determined that *Booker* error is not structural error. *United States v. Muhammad*, No. 03-10137, 2005 U.S. App. LEXIS 9078, at *3 (5th Cir. May 18, 2005) (per curiam) (unpublished). "[W]e reject [the] argument that *Booker* error is structural and insusceptible to harmless error analysis, and that *Booker* error should be presumed prejudicial, as both claims are in conflict with *Mares*." *United States v. Malveaux*, 2005 U.S. App. LEXIS 5960, at * 4 n.9 (5th Cir. Apr. 11, 2005) (per curiam) (unpublished).

The judgment of conviction and sentence is AFFIRMED.