United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

———————————————————

No. 04-20280
Conference Calendar

———————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HUMBERTO MACIAS-LUNA,

Defendant-Appellant.

———————————————————

Consolidated with
No. 04-20295

———————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HUMBERTO MACIAS-LUNA, also known as Humberto Luna Macias,
also known as Humberto Macias Luna, also known as Juan
Becker,

Defendant-Appellant.

———————————————————

Appeals from the United States District Court
For the Southern District of Texas
USDC No. 4:03-CR-298-ALL
USDC No. 04:3-CR-478-ALL

———————————————————

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On March 21, 2005, the Supreme Court granted Macias-Luna's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of United States v. Booker, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did not specify which of the two majority opinions set forth in Booker was the basis for its remand decision. The Supreme Court did make clear in its Booker decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. See Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Macias-Luna's appeal satisfies those conditions.

In his original appeal to this court, Macias-Luna claimed only one ground of error: i.e., that pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326 (b) (1) and (2) are elements of the offense which must be alleged in the indictment. But Macias-Luna conceded that such contention was foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998). Nothing in Booker addresses this claim of error, and Macias-Luna failed to object in the district court on either of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grounds addressed in Booker, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Absent extraordinary circumstances, we will not consider Booker issues raised for the first time in a petition for certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). However, even if we were to review for plain error, Booker's Sixth Amendment holding would not be applicable here because the district court did not enhance Macias-Luna's sentence on the basis of any facts not found by the jury. In addition, Macias-Luna could not satisfy his burden of proving reversible plain error on the basis that his sentence was applied under an unconstitutional mandatory sentencing scheme because there is nothing in the record to suggest that the district court would have sentenced Macias-Luna differently under an advisory scheme. Thus, because Macias-Luna cannot even show plain error, it is clear that this case does not present extraordinary circumstances warranting our review.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Macias-Luna's conviction and sentence.

AFFIRMED.