United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40532
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ALANIS-GONZALES,
also known as Juan Antonio Robledo-Pesina,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-983-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Sergio Alanis-Gonzales.

United States v. Alanis-Gonzales, No. 04-40532 (5th Cir. Dec. 17,

2004) (unpublished). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005).

Alanis contended for the first time in his petition for

certiorari that pursuant to Booker, his sentencing pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the formerly mandatory guideline sentencing scheme was a structural error that should be presumed prejudicial. He concedes that his argument is foreclosed by this court's caselaw, but he raises it to preserve it for further review. He further argues that he can satisfy his burden under the plain error review standard, and that the plain error standard for showing prejudice applied by this court imposes a more stringent burden than the Supreme Court allowed in United States v. Dominquez Benitez, 124 S. Ct. 2333 (2004). Alanis concedes that his argument against this court's plain error standard for showing prejudice is precluded by the caselaw of this court, but he raises it to preserve it for further review.

This court will not consider a Booker-related claim raised for the first time in a petition for certiorari to the Supreme Court "absent extraordinary circumstances." United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Alanis cannot demonstrate reversible plain error; he therefore cannot satisfy the more stringent standard for extraordinary circumstances.

Alanis cannot establish that this application of the formerly mandatory guideline sentencing scheme affected his substantial rights. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Alanis has not pointed to anything in the record indicating that, and our review of the record does not reveal anything suggesting that, the district court would have imposed a lower sentence had it sentenced him

under an advisory guideline sentencing scheme.  <u>United States v.</u>
<u>Bringier</u>, 405 F.3d 310, 317 & n.4. (5th Cir. 2005).

Accordingly, we conclude that nothing in the Supreme Court's
<u>Booker</u> decision requires us to change our prior affirmance in
this case.  We therefore reinstate our judgment affirming his
conviction and sentence.

AFFIRMED.