United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40383
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS FERNANDO CONTRERAS-CEDILLO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-657-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

This court affirmed Luis Fernando Contreras-Cedillo's conviction and sentence. United States v. Contreras-Cedillo, 111 Fed. Appx. 338 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Gonzalez-Orozco v. United States, 125 S.Ct. 1368 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Contreras-Cedillo argues that the district court's application of mandatory sentencing guidelines was reversible plain error.[**]  Contreras-Cedillo acknowledges that he did not raise this issue before the district court.  On direct appeal, he argued that the statute of conviction, 8 U.S.C. § 1326, was unconstitutional in the light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), but recognized that his claim was foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  He also argued that, in the light of the Supreme Court's decision in <u>Blakely v. Washington</u>, the overruling of <u>Almendarez-Torres</u> would also affect his guidelines sentence, and that <u>Blakely</u> should be held to apply to the Sentencing Guidelines.  He raised <u>Booker</u> in his amended petition for a writ of certiorari.

In its supplemental brief, the Government asserts that Contreras-Cedillo's argument on direct appeal was insufficient to preserve a claim of plain error under <u>Booker</u>.  See <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005) (applying plain error

---

[**]Contreras-Cedillo raises the following arguments to preserve them for further review by the Supreme Court:  (1) that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of <u>Booker</u> was novel and unforeseeable at the time of his sentencing; (2) that the <u>Booker</u> error was structural and that prejudice should be presumed; and (3) that the standard for prejudice applied by this court in <u>United States v. Mares</u>, 402 F.3d 511 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 43 (2005), and <u>United States v. Bringier</u>, 405 F.3d 310 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 264 (2005), is inconsistent with <u>United States v. Dominguez-Benitez</u>, 124 S.Ct. 2333 (2004).  As he acknowledges, these arguments are foreclosed by this court's decisions in <u>Mares</u> and <u>Bringier</u>.

standard to <u>Booker</u>-related issues raised for first time on appeal), <u>cert. denied</u>, 126 S.Ct. 43 (2005). Accordingly, the Government maintains that the "extraordinary circumstances" standard, which applies when <u>Booker</u>-related issues are raised for the first time in a petition for a writ of certiorari, rather than the plain error standard, applies in this case. <u>See</u> <u>United States v. Taylor</u>, 409 F.3d 675 (5th Cir. 2005).

It is not necessary for us to decide which standard applies in this case, because the result is the same under either standard. In applying the extraordinary circumstances standard, our court in <u>Taylor</u> began its analysis by determining whether there the appellant had met his burden under the plain error standard. <u>Id</u>. at 677. Because he had not, the court concluded that "the much more demanding standard for extraordinary circumstances" could not be satisfied. <u>Id</u>.

There is no plain error in this case because, as Contreras-Cedillo concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. <u>See</u> <u>Mares</u>, 402 F.3d at 520.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Contreras-Cedillo's conviction and sentence.

JUDGMENT REINSTATED.