United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

---

No. 02-41696
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN JIMENEZ-VELASCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-509-ALL
--------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence of Juan Jimenez-Velasco. United States v. Jimenez-Velasco, No. 02-41696 (5th Cir. Feb. 19, 2004). In Jiminez-Velasco v. United States, 125 S. Ct. 1110 (2005), the Supreme Court granted Jiminez-Velasco's petition for a rehearing of the denial of his writ of certiorari, vacated its previous order denying his petition for a writ of certiorari, vacated our opinion affirming Jimenez-Velasco's conviction and sentence, and remanded the case to this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Jimenez-Velasco argues that the district court erred in sentencing him pursuant to the mandatory United States Sentencing Guidelines scheme held unconstitutional in Booker, because his sentence was based upon drug amounts not found by a jury or admitted by him. He did not raise this issue in district court. Therefore, we review only for plain error, and Jimenez-Velasco fails to demonstrate that the district court would have reached a significantly different result under an advisory guidelines scheme. See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Taylor, 409 F.3d 675, 676-77 (5th Cir. 2005). Moreover, this court has rejected his argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Jimenez-Velasco's conviction and sentence.

AFFIRMED.