United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————

No. 03-41535
Summary Calendar

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELA BROWN,

Defendant-Appellant.

—————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-25-2

—————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court previously dismissed the appeal of Kela Brown as frivolous upon granting her

attorney's motion to withdraw. *United States v. Brown*, No. 03-41535 (5th Cir. June 23, 2004)

(unpublished). The Supreme Court vacated and remanded for further consideration in light of *United

States v. Booker*, 543 U.S. 220 (2005).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown argues that she was improperly sentenced under the formerly mandatory sentencing guideline scheme. She contends that there is a likelihood that her sentence would be lower under an advisory scheme because she should have received the benefit of an adjustment to her offense level pursuant to U.S.S.G. § 5C1.2, after a departure from her criminal history category from category III to category II. She also argues that a downward departure based on her status as a single mother would be appropriate.

Because Brown first raised a *Booker* issue in her petition for certiorari, we will not consider her claims "absent extraordinary circumstances." *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). Brown cannot demonstrate reversible plain error; she therefore cannot satisfy the more stringent standard for extraordinary circumstances. *See id.* at 677. Brown points to nothing in the record nor any comment in the transcript that indicates the district court would have imposed a lesser sentence under an advisory regime. *United States v. Bringier*, 405 F.3d 310, 317 (5th Cir.), *cert. denied*, 126 S. Ct. 264 (2005). Accordingly, she has failed to carry her burden on appeal.

AFFIRMED.