**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon RAMIREZ–VIRUETE, also**
**known as Reymundo Sanchez–**
**Solis, Defendant–Appellant.**

No. 04–50484.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 6, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff-Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant-Appellant.

Before JONES, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM: *

This matter is before us on remand from the Supreme Court for reconsideration in light of its recent opinion in *United States v. Booker*.[1] At our request, the parties have commented on the impact of *Booker*. For the following reasons, we conclude that *Booker* does not affect Defendant-Appellant Ramon Ramirez-Viruete's sentence.

## I. BACKGROUND

Ramirez-Viruete pleaded guilty to reentering the United States illegally following removal, in violation of 8 U.S.C. § 1326, an offense that is punishable by up to two years imprisonment. At his sentencing—which occurred prior to *Booker*—the district court increased Ramirez-Viruete's offense level under the then-mandatory Sentencing Guidelines by eight levels, because he had a prior aggravated felony conviction. The court then sentenced Ramirez-Viruete to 30 months imprisonment. Ramirez-Viruete appealed his sentence, arguing that it violated the Fifth Amendment's Due Process Clause. After we affirmed in an unpublished opinion,[2] Ramirez-Viruete petitioned the Supreme Court for a writ of certiorari, asserting his *Booker* claim for the first time. The Supreme Court vacated our judgment and remanded to us for reconsideration in light of *Booker*.[3] We again affirm Ramirez-Viruete's sentence

## II. DISCUSSION

### A. Standard of Review

Ramirez-Viruete raised his *Booker* claim for the first time in his petition for a writ of certiorari. We will therefore review his *Booker* claim only in the presence of "extraordinary circumstances."[4] Although we have yet to flesh out the contours of precisely what constitutes "extraordinary circumstances," we know that the extraordinary circumstances standard is more onerous than the plain error standard.[5] If, therefore, Ramirez-Viruete can-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. *United States v. Ramirez–Viruete*, 111 Fed. Appx. 320 (5th Cir.2004).

3. *Martinez–Alfaro v. United States*, 543 U.S. 1183, 125 S.Ct. 1422, 161 L.Ed.2d 182 (2005).

4. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir.2005).

5. *Id.*

not meet the requirements of plain error review, he certainly cannot satisfy the requirements of extraordinary circumstances review. So, despite the fact that Ramirez–Viruete argues that the extraordinary circumstances standard is inapplicable in this case for a variety of reasons, because—as Ramirez–Viruete concedes—he cannot meet the lower plain error standard, we need not address his arguments.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances in a case meet all three criteria, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Under *Booker*, a district court's sentencing of a defendant under mandatory Sentencing Guidelines (1) constitutes error that (2) is plain.[8] Whether the error affects substantial rights is a more complex inquiry for which the defendant bears the burden of proof. He will carry this burden only if he can "show[ ] that the error 'must have affected the outcome of the district court proceedings.' "[9] That may be shown, in turn, by the defendant's "demonstrat[ing] a probability 'sufficient to undermine confidence in the outcome.' "[10] To demonstrate such a probability, the defendant must identify in the record an indication that the "sentencing judge—sentencing under an advisory [Guidelines] scheme rather than a mandatory one—would have reached a significantly different result."[11]

## B. Merits

In his supplemental letter brief, Ramirez–Viruete concedes that "*Mares* appears to foreclose [his] plain-error claim in this circuit." Specifically, Ramirez–Viruete is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he preserves a challenge to the standard of review we adopted in *Mares*, arguing that in *Mares* we got it wrong and the plain error standard employed by other courts (the Sixth Circuit, for example[12]) gets it right. *Mares* is the settled law of this circuit, however, and we may revisit it only *en banc* or following a Supreme Court decision that actually or effectively overturns it. Accordingly, we affirm the sentence imposed by the district court below.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Ramirez–Viruete's sentence is affirmed. We therefore need not address the government's pending Motion to Reinstate Prior Affirmance of Appellant's Conviction and Sentence in Lieu of Filing Supplemental *Booker* Brief.

AFFIRMED; motion DENIED as unnecessary.

---

6. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

7. *Id.*

8. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir.2005).

9. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

10. *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

11. *Id.*

12. *See, e.g., United States v. Barnett*, 398 F.3d 516 (6th Cir.2005).