United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50594
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO HERNANDEZ-DE LA TORRE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. 5:04-CR-55-ALL)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, Defendant-Appellant Guillermo Hernandez-De la Torre has submitted a supplemental letter brief addressing the impact of Booker. The government has submitted a motion to reinstate our prior affirmance of Hernandez-De la Torre's conviction and sentence, which Hernandez-De la Torre opposes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ⸺, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

Hernandez-De la Torre pleaded guilty to reentering the United States unlawfully following deportation.  Hernandez-De la Torre contends that he reentered the United States to help support his disabled wife and minor child.  In his brief, Hernandez-De la Torre provides us with some background personal information about himself, including, <u>inter alia</u>, that he suffered a physical injury in May 2000, and his physical injury prompted serious psychological problems.

The district court enhanced Hernandez-De la Torre's sentence on the basis that he committed his reentry offense while under a prior criminal justice sentence.  Hernandez-De la Torre appealed his conviction and sentence, and we affirmed in an unpublished opinion.[2]  Hernandez-De la Torre then obtained Supreme Court review on the issues he raised on appeal and on the constitutionality of his sentence under <u>Booker</u>.  As noted above, the Supreme Court remanded to us for reconsideration in light of <u>Booker</u>.

## II.  DISCUSSION

### A.  Standard of Review

Hernandez-De la Torre raised his <u>Booker</u> claim for the first time in his petition for certiorari.  Therefore, we will not review his <u>Booker</u> claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the

---

[2]<u>U.S. v. Hernandez-De la Torre</u>, No. 04-50594, 111 Fed. Appx 316 (5th Cir. Oct. 21, 2004).

[3]<u>U.S. v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5]  Hernandez-De la Torre argues that the extraordinary circumstances review is inapplicable in this case for a variety of reasons.  As his claim does not survive plain error review, we need not address his objections to the extraordinary circumstances standard.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines constitutes error, and that error is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden only if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from

---

[4]Id.

[5]Id.

[6]U.S. v. Cotton, 535 U.S. 625, 631 (2002).

[7]Id.

[8]U.S. v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9]Id. (quoting U.S. v. Dominquez Benitez, 542 U.S. 74 (2004)).

3

the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

**B.    Merits**

In his supplemental letter brief, Hernandez-De la Torre points to his family circumstances and his physical and psychological condition as grounds for a downward departure. Hernandez-De la Torre argues that because the Guidelines discourage considerations such as family ties and physical and psychological condition, there is a probability that the district court would have sentenced him differently under an advisory Guidelines scheme.

For openers, as Hernandez-De la Torre concedes, there is no indication in the record that the district court would have sentenced him differently.  Moreover, Hernandez-De la Torre's argument is unpersuasive on its merits.  Although the Guidelines state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," the commentary to that section specifically provides that the sentencing court may take a family's loss of financial support into account in deciding to depart downward.[11]  Similarly, although the physical condition is not "ordinarily" relevant to the sentencing determination under the Guidelines, that section explicitly provides that "extraordinary physical impairment may be a reason to

---

[10]Id. at 522.

[11]U.S.S.G. § 5H1.2.

4

depart downward."[12]  As with physical condition, the defendant's mental condition is typically not relevant in fashioning a sentence.[13]  The Guidelines do provide, however, that the court may consider a mental condition that is present to "an exceptional degree."[14]  Furthermore, although the Guidelines are now advisory, sentencing courts still must consider them.[15]  Thus, Hernandez-De la Torre's argument that a sentencing court would have sentenced him differently under an advisory Guidelines scheme is unpersuasive.  Accordingly, Hernandez-De la Torre fails to carry his burden under the third prong of the plain error test.  Concomitantly, Hernandez-De la Torre fails to demonstrate that extraordinary circumstances entitle him to resentencing.

In the alternative, Hernandez-De la Torre urges us to abandon the standard of review we adopted in Mares and instead apply the plain error standard employed by, inter alia, the Fourth Circuit.  Mares, however, is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it.  Accordingly, we affirm the sentence imposed below.

## III.  CONCLUSION

---

[12]Id. at § 5H1.4.

[13]Id. at § 5H1.3.

[14]Id. at § 5K2.0(a)(4).

[15]Mares, 402 F.3d at 518-19.

As there exist no extraordinary circumstances or other grounds for relief, Hernandez-De la Torre's sentence is AFFIRMED. The government's motion to reinstate our prior affirmance is DENIED as moot.