United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 03-10167

————————————————

UNITED STATES OF AMERICA

             Plaintiff - Appellee

    v.

WILLIAM CLARK TAYLOR

             Defendant - Appellant

—————————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas

—————————————————————————————————————————

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and REAVLEY and GARZA, Circuit Judges.

PER CURIAM:

    The Supreme Court has granted Defendant-Appellant Taylor's petition for writ of certiorari, vacated our previous judgment in this case, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Previously, we had affirmed Taylor's conviction and sentence. See United States v. Taylor, No. 03-10167, 2004 WL 1254204, at *1 (5th Cir. June 8, 2004) (per curiam) (unpublished). Following our judgment, Taylor filed a petition for certiorari, in which he challenged for the first time the

1

constitutionality of the Sentencing Guidelines as applied to him.[1]  Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

We recently held in United States v. Hernandez-Gonzalez, No. 04-40923, 2005 WL 724636 (5th Cir. Mar. 30, 2005), that, absent extraordinary circumstances, we will not consider Booker issues raised for the first time in a petition for rehearing.  See also United States v. Sutherland, 428 F.2d 1152, 1158 (5th Cir. 1970) (per curiam); United States v. Ardley, 273 F.3d 991 (11th Cir. 2001) (en banc) (holding that even a remand by the Supreme Court for reconsideration in light of an intervening Court opinion does not require the court to consider an argument raised for the first time in a petition for certiorari).  It would be illogical for this court, absent exceptional circumstances, to consider an argument raised for the first time in a petition for certiorari

---

[1]    In his petition for certiorari, Taylor argues that it was constitutional error for the district court to enhance his sentence based on the finding by the district judge, rather than the jury, that he had obstructed justice.  After the Supreme Court remanded this case to us, Taylor filed a supplemental letter brief in which he also argues that: (1) the district court erred by sentencing him pursuant to the mandatory sentencing guideline regime in place before the Supreme Court's decision in Booker; and (2) the remedial portion of Booker retroactively violates his Due Process rights and the Ex Post Facto Clause of the Constitution.  In his initial appeal to this court, Taylor did not raise any of these Booker-related arguments, but instead argued that: (1) the evidence against him was insufficient to support his conviction; and (2) the district court erred by finding that he had committed perjury.  Taylor, 2004 WL 1254204, at *1-3.  We rejected both of these arguments.  Id.

2

after having previously held that we will not consider such an argument in a petition for rehearing. Accordingly, absent extraordinary circumstances, we will not consider Taylor's Booker-related arguments.

Because Taylor did not raise his Booker-related arguments in the district court, had he raised these challenges in this court before the decision issued on his direct appeal, we would have reviewed them for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). There is no plain error here, however, because Taylor points to no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system. See Hernandez-Gonzalez, 2005 WL 724636, at *1; Mares, 402 F.3d at 521-22. Because plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied.

Accordingly, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.