United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

————————

m 03-51163

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL EDWARD TUBBS,
ALSO KNOWN AS MICHAEL TUBBS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Western District of Texas
m W:03-CR-69-1

————————————

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Michael Tubbs. *United States v. Tubbs*, 96 Fed. Appx. 257 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Tubbs v. United States*, 125 S. Ct. 1054 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Tubbs claims there is error under *Booker* because the district court, rather than a jury, made a finding regarding the quantity of drugs attributable to him. Although Tubbs did object to the court's inclusion of the so-called "bones" in the drug quantity, he did not raise a Sixth Amendment objection or complain that the quantity must be decided by a jury if not admitted to by the defendant.

The government correctly contends the plain error standard of review should apply because Tubbs did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.*

(quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

The government seems to acknowledge that there is plain error, so the first two prongs are satisfied. To show that his substantial rights are affected, Tubbs must "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *4 (5th Cir. May 17, 2005) (per curiam) (citations omitted).

In his supplemental brief, Tubbs "admits that there is nothing on this record that indicates that the sentencing judge . . . was dissatisfied about the application of the Guidelines in this *particular case*." Tubbs contends, however, that "there is evidence of his dissatisfaction with the entire scheme *overall*," as allegedly shown by the fact that the judge was "one of the first District Judges in the Nation to declare the sentencing Guidelines unconstitutional in the wake of *Blakely*." This is an inadequate showing "that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521.

The judgment of sentence is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.