United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-40616
_____

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

LUIS IVAN GUERRERO,

                        Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-538-1

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

        The Supreme Court has granted Defendant-Appellant Luis Ivan Guerrero's petition for a writ

of certiorari, vacated our previous affirmance of his conviction and sentence, and remanded the case

to this court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

*Newsome v. United States*, 125 S.Ct. 1112 (2005). We requested and received supplemental letter

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

briefing addressing the impact of *Booker*.

Guerrero challenged the constitutionality of the Sentencing Guidelines as applied to him for the first time in a petition for rehearing from the denial of his petition for a writ of certiorari. Absent exceptional circumstances, we will not consider an argument raised for the first time in a petition for certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). An appellant who cannot satisfy the plain error standard under *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), *petition for cert. filed* (March 31, 2005) (No. 04-9517) cannot demonstrate extraordinary circumstances. *See Taylor*, 409 F.3d at 677 ("Because plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances . . . cannot be satisfied.").

To establish plain error, an appellant must demonstrate an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002). To satisfy the third prong of the plain error test under *Booker*, the appellant must demonstrate that "the sentencing judge) ) sentencing under an advisory scheme rather than a mandatory one) ) would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.* Guerrero points to nothing in the record demonstrating that the sentencing judge would have imposed a lesser sentence under an advisory scheme. Accordingly, he has not demonstrated exceptional circumstances warranting consideration of his claim. *See Taylor*, 409 F.3d at 677.

Having reconsidered our decision in accordance with the Supreme Court's instructions, we reinstate our judgment affirming Guerrero's conviction and sentence.

2