United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40155
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL VACA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1201-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

   This court affirmed the judgment of conviction and sentence
of Miguel Vaca-Hernandez. United States v. Vaca-Hernandez, 115
Fed. Appx. 706, 707 (5th Cir. 2004) (unpublished). The Supreme
Court vacated and remanded for further consideration in light of
United States v. Booker, 125 S. Ct. 738 (2005). See De La Cruz-
Gonzalez v. United States, 125 S. Ct. 1995 (2005). We requested
and received supplemental letter briefs addressing the impact of
Booker.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vaca-Hernandez argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the sentencing guidelines prohibited by Booker. However, he identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005).

Vaca-Hernandez concedes that he cannot make the necessary showing of plain error that is required by our precedent. Furthermore, he correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). He desires to preserve this argument for further review.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Vaca-Hernandez's conviction and sentence.

AFFIRMED.