United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50484
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON RAMIREZ-VIRUETE, also known as Reymundo Sanchez-Solis,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas, El Paso
(No. 3:03-CR-2103-ALL)
- - - - - - - - - -

Before JONES, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1]  At our request, the parties have commented on the impact of Booker.  For the following reasons, we conclude that Booker does not affect Defendant-Appellant Ramon Ramirez-Viruete's sentence.

## I.  BACKGROUND

Ramirez-Viruete pleaded guilty to reentering the United States illegally following removal, in violation of 8 U.S.C. § 1326, an offense that is punishable by up to two years imprisonment.  At his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

sentencing —— which occurred prior to Booker —— the district court increased Ramirez-Viruete's offense level under the then-mandatory Sentencing Guidelines by eight levels, because he had a prior aggravated felony conviction.  The court then sentenced Ramirez-Viruete to 30 months imprisonment.  Ramirez-Viruete appealed his sentence, arguing that it violated the Fifth Amendment's Due Process Clause.  After we affirmed in an unpublished opinion,[2] Ramirez-Viruete petitioned the Supreme Court for a writ of certiorari, asserting his Booker claim for the first time.  The Supreme Court vacated our judgment and remanded to us for reconsideration in light of Booker.[3]  We again affirm Ramirez-Viruete's sentence

## II.  DISCUSSION

### A.  Standard of Review

Ramirez-Viruete raised his Booker claim for the first time in his petition for a writ of certiorari.  We will therefore review his Booker claim only in the presence of "extraordinary circumstances."[4]  Although we have yet to flesh out the contours of precisely what constitutes "extraordinary circumstances," we know that the extraordinary circumstances standard is more onerous than the plain error standard.[5]  If, therefore, Ramirez-Viruete cannot

---

[2] United States v. Ramirez-Viruete, No. 04-50484, 111 Fed. Appx. 320 (5th Cir. 2004).

[3] Alfaro v. United States, —— U.S. ——, 125 S. Ct. 1422 (2005).

[4] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[5] Id.

2

meet the requirements of plain error review, he certainly cannot satisfy the requirements of extraordinary circumstances review. So, despite the fact that Ramirez-Viruete argues that the extraordinary circumstances standard is inapplicable in this case for a variety of reasons, because —— as Ramirez-Viruete concedes —— he cannot meet the lower plain error standard, we need not address his arguments.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances in a case meet all three criteria, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Under <u>Booker</u>, a district court's sentencing of a defendant under mandatory Sentencing Guidelines (1) constitutes error that (2) is plain.[8]  Whether the error affects substantial rights is a more complex inquiry for which the defendant bears the burden of proof.  He will carry this burden only if he can "show[] that the error 'must have affected the outcome of the district court proceedings.'"[9]  That may be shown, in turn, by the defendant's "demonstrat[ing] a probability

---

[6] <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

[7] <u>Id.</u>

[8] <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005).

[9] <u>Id.</u> (quoting <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993)).

3

'sufficient to undermine confidence in the outcome.'"[10]  To demonstrate such a probability, the defendant must identify in the record an indication that the "sentencing judge —— sentencing under an advisory [Guidelines] scheme rather than a mandatory one —— would have reached a significantly different result."[11]

## B.  Merits

In his supplemental letter brief, Ramirez-Viruete concedes that "Mares appears to foreclose [his] plain-error claim in this circuit."  Specifically, Ramirez-Viruete is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme.  Instead, he preserves a challenge to the standard of review we adopted in Mares, arguing that in Mares we got it wrong and the plain error standard employed by other courts (the Sixth Circuit, for example[12]) gets it right. Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that actually or effectively overturns it.  Accordingly, we affirm the sentence imposed by the district court below.

### III.  CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Ramirez-Viruete's sentence is affirmed.  We therefore

---

[10] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[11] Id.

[12] See, e.g., United States v. Barnett, 398 F.3d 516 (6th Cir. 2005).

need not address the government's pending Motion to Reinstate Prior Affirmance of Appellant's Conviction and Sentence in Lieu of Filing Supplemental <u>Booker</u> Brief.

AFFIRMED; motion DENIED as unnecessary.