United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50439
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO JAQUEZ-TENORIO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-111-ALL-PRM)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, Defendant-Appellant Pedro Jaquez-Tenorio has submitted a supplemental letter brief addressing the impact of Booker, to which the Government has responded with a motion to reinstate our prior affirmance of his conviction and sentence. Jaquez-Tenorio opposes the Government's motion. For the following reasons, we find that Booker does not affect Jaquez-Tenorio's sentence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I. BACKGROUND

Jaquez-Tenorio pled guilty to and was convicted of being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326. This offense carries a maximum penalty of two years' imprisonment and one year of supervised release. Jaquez-Tenorio's base offense level under § 2L1.2(a) of the Sentencing Guidelines was 8, but the district court imposed a 12-level enhancement under § 2L1.2(b)(1)(B) based on a prior aggravated felony conviction. With a three-level reduction for acceptance of responsibility, Jaquez-Tenorio's total offense level was 17. This, combined with a criminal history category of II, resulted in a Guidelines imprisonment range of 27 to 33 months. The district court sentenced Jaquez-Tenorio to 27 months' imprisonment to be followed by three years' supervised release. Jaquez-Tenorio objected to the sentence on Apprendi[2] grounds because it exceeded the statutory maximum, which objection the district court overruled.

Jaquez-Tenorio appealed his conviction and sentence, arguing that because the indictment did not state a § 1326(b) offense because it did not allege a prior conviction, his sentence exceeded the statutory maximum in violation of the Constitution. In the alternative he challenged the constitutional validity of § 1326(b). In his brief on appeal Jaquez-Tenorio acknowledged that his arguments were foreclosed by precedent, but raised them only to

_____

[2] 530 U.S. 466 (2000).

preserve them for possible review by the Supreme Court. We affirmed the conviction and sentence in an unpublished opinion.[3] Jaquez-Tenorio then petitioned the United States Supreme Court for a writ of certiorari. After Booker was decided, Jaquez-Tenorio submitted a supplemental petition for certiorari in which he challenged his mandatory Guideline sentence. As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of Booker.

## II. DISCUSSION

### A. Standard of Review

Jaquez-Tenorio raised his Booker claim for the first time in his supplemental petition for certiorari. Therefore, we will not review his Booker claim absent "extraordinary circumstances."[4] The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[5] Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the extraordinary circumstances standard.[6] As Jaquez-Tenorio's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

---

[3] United States v. Jaquez-Tenorio, No. 04-50439, 111 Fed. Appx. 318 (5th Cir. October 21, 2004) (unpublished opinion).

[4] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[5] Id.

[6] Id.

3

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[7] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[8] Since Booker, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[9] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[10] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[11]

**B.  Merits**

In his supplemental letter brief, Jaquez-Tenorio concedes that "the district court made no particular remarks disagreeing with the requirements of the mandatory guidelines," or otherwise indicating that it would have sentenced him differently under an advisory

---

[7] United States v. Cotton, 535 U.S. 625, 631 (2002).

[8] Id.

[9] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[10] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[11] Id. at 522.

4

Guidelines scheme. Instead, Jaquez-Tenorio calls to our attention "mitigating circumstances surrounding [his] illegal reentry offense that support a finding of a reasonable likelihood of a lower sentence." He invites us to draw the conclusion that it was "[a]pparently due to these mitigating circumstances [that] the court imposed [a] sentence at the bottom of the calculated guideline sentence range."

In <u>United States v. Bringier</u>, we held that "[t]he fact that the sentencing judge imposed the minimum sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme."[12] In his supplemental letter brief, Jaquez-Tenorio attempts to distinguish <u>Bringier</u> from his case based on factual differences. But these differences —— for example, that Bringier was a "large-scale drug trafficker" while Jaquez-Tenorio was "an illegal alien who merely crossed the border" —— have no bearing whatsoever on the question whether we may infer from a Guideline-minimum sentence that the defendant would have been sentenced differently under an advisory scheme. The significance of any factual differences is, of course, borne out in the sentences imposed: Bringier was sentenced to a Guideline-minimum 30 years' imprisonment, compared to Jaquez-Tenorio's 27 months'. Yet, in neither case may we conclude that the district court would have imposed a lesser sentence under an advisory scheme. Jaquez-Tenorio's attempt to

---

[12] 405 F.3d 310, 318 n.4 (5th Cir. 2005) (citing <u>Mares</u>, 402 F.3d at 521-22).

distinguish <u>Bringier</u> is simply unconvincing.  As he fails to demonstrate from the record that his sentence would have been significantly different under an advisory Guidelines scheme, he has not carried his burden to establish error affecting substantial rights.

Jaquez-Tenorio next expresses his disagreement with our application of the plain error standard, as articulated in <u>Mares</u>, in order to preserve a challenge for possible Supreme Court review. <u>Mares</u> is the settled law of this circuit, however, and we may revisit it only <u>en</u> <u>banc</u> or following a Supreme Court decision that effectively overturns it.

As Jaquez-Tenorio has failed to satisfy plain error review, we do not reach his argument that error in his sentencing seriously affected the fairness, integrity and public reputation of the proceedings.

### III.  CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Jaquez-Tenorio's sentence is AFFIRMED.  The Government's motion to reinstate our prior affirmance is DENIED as moot.