**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50454
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SANCHEZ-MORALES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. 3:03-CR-1951-ALL-KC)
- - - - - - - - - -

Before JONES, Chief Judge,  JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1]  At our request, Defendant-Appellant David Sanchez-Morales has submitted a supplemental letter brief addressing the impact of Booker.  The government has submitted a motion to reinstate our prior affirmance of Sanchez-Morales's conviction and sentence, which Sanchez-Morales opposes.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

Sanchez-Morales pleaded guilty to reentering the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326. According to Sanchez-Morales, he returned to the United States to look for work.  He has a wife, six children, and an elderly mother. After he was arrested for illegal reentry, Sanchez-Morales alleges that he suffered a significant physical injury.

The district court increased Sanchez-Morales's offense level under the Guidelines because he had a prior felony drug conviction, and the court ultimately sentenced him to 60 months imprisonment — three months above the bottom of the applicable Guidelines range. Sanchez-Morales appealed his sentence, and we affirmed in an unpublished opinion.[2]  Sanchez-Morales then obtained Supreme Court review on the issues he raised on appeal and on the constitutionality of his sentence under Booker.  As noted above, the Supreme Court remanded to us for reconsideration in light of Booker.

## II.  DISCUSSION

**A.   Standard of Review**

Sanchez-Morales raised his Booker claim for the first time in his petition for certiorari.  Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3]   The extraordinary circumstances standard is more demanding than the

---

[2]U.S. v. Sanchez-Morales, No. 04-50454, 111 Fed. Appx 316 (5th Cir. Oct. 21, 2004).

[3]U.S. v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

2

plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5]  Sanchez-Morales argues that the extraordinary circumstances review is inapplicable to his case for a variety of reasons.  As his claim does not survive the less stringent plain error review, we need not address his objections to the extraordinary circumstances standard.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines constitutes error, and that error is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden only if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from

---

[4]Id.

[5]Id.

[6]U.S. v. Cotton, 535 U.S. 625, 631 (2002).

[7]Id.

[8]U.S. v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9]Id. (quoting U.S. v. Dominguez Benitez, 542 U.S. 74 (2004)).

3

the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

**B. Merits**

Sanchez-Morales notes that the Guidelines discourage the consideration of family factors and physical condition as grounds for departure. This is relevant because Sanchez-Morales contends that he presented sympathetic family circumstances and physical condition at sentencing. Thus, Sanchez-Morales insists that a sentencing judge would likely sentence him differently under an advisory Guidelines scheme because of his special circumstances.

At the outset, as Sanchez-Morales concedes, there is no indication in the record that the district court would have sentenced Sanchez-Morales differently. Moreover, even though the Guidelines state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," the commentary to that section specifically provides that the sentencing court may take a family's loss of financial support into account in deciding to depart downward.[11] Likewise, although physical condition is not "ordinarily" relevant in the sentencing determination under the Guidelines, that section explicitly provides that "extraordinary physical impairment may be a reason to depart downward."[12] Furthermore, sentencing courts

---

[10]_Id._ at 522.

[11]U.S.S.G. § 5H1.2.

[12]_Id._ at § 5H1.4.

4

still must consider the Guidelines, even though they are no longer mandatory.[13]  Ultimately, Sanchez-Morales's argument that a sentencing court would have sentenced him differently under an advisory Guidelines scheme is unpersuasive.  Accordingly, Sanchez-Morales fails to carry his burden under the third prong of the plain error test.  Concomitantly, Sanchez-Morales fails to demonstrate that extraordinary circumstances entitle him to resentencing.

In the alternative, Sanchez-Morales urges us to abandon the standard of review we adopted in Mares and instead apply the plain error standard employed by, inter alia, the Fourth Circuit.  Mares, however, is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it.  Accordingly, we affirm the sentence as imposed.

### III.  CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Sanchez-Morales's sentence is AFFIRMED.  The government's motion to reinstate our prior affirmance is DENIED as moot.

---

[13]Mares, 402 F.3d at 518-19.

5