**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50475
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NICOLAS MARRUFO-GUTIERREZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-202-ALL-DB)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

    This matter is before us on remand from the United States
Supreme Court for reconsideration in light of its recent opinion in
United States v. Booker.[1]  At our request, Defendant-Appellant
Nicolas Marrufo-Gutierrez has submitted a supplemental letter brief
addressing the impact of Booker, to which the Government has
responded with a motion to reinstate our prior affirmance of his
conviction and sentence.  Marrufo-Gutierrez opposes the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] 543 U.S. ——, 125 S. Ct. 738 (2005).

Government's motion. For the following reasons, we find that Booker does not affect Marrufo-Gutierrez's sentence.

## I.  BACKGROUND

Marrufo-Gutierrez pled guilty to and was convicted of being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326. This offense carries a maximum penalty of two years' imprisonment and one year of supervised release. Marrufo-Gutierrez had a prior conviction for illegal reentry, which under § 1326(b)(1) triggered an increase in the statutory maximum term of imprisonment and supervised release. It also resulted in a four-level enhancement to the Guidelines offense level, which, combined with Marrufo-Gutierrez's criminal history score, produced a Guidelines sentencing range of 21 to 27 months. The district court imposed a sentence of 27 months' imprisonment to be followed by three years' supervised release. Marrufo-Gutierrez objected to the sentence on the ground that it exceeded the statutory maximum, which objection the district court overruled.

Marrufo-Gutierrez appealed his conviction and sentence, arguing that because the indictment did not state a § 1326(b)(1) offense because it did not allege a prior conviction, his sentence exceeded the statutory maximum in violation of the Constitution. In the alternative he challenged the constitutional validity of § 1326(b)(1). In his brief on appeal Marrufo-Gutierrez acknowledged that his arguments were foreclosed by precedent, but raised them

2

only to preserve them for possible review by the Supreme Court. We affirmed the conviction and sentence in an unpublished opinion.[2] Marrufo-Gutierrez then petitioned the United States Supreme Court for a writ of certiorari. After <u>Booker</u> was decided, Marrufo-Gutierrez submitted a supplemental petition for certiorari in which he challenged his mandatory Guideline sentence. As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of <u>Booker</u>.

## II. DISCUSSION

### A. Standard of Review

Marrufo-Gutierrez raised his <u>Booker</u> claim for the first time in his supplemental petition for certiorari. Therefore, we will not review his <u>Booker</u> claim absent "extraordinary circumstances."[3] The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his <u>Booker</u> claim for the first time on appeal.[4] Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the extraordinary circumstances standard.[5] As Marrufo-Gutierrez's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

---

[2] <u>United States v. Marrufo-Gutierrez</u>, No. 04-50475, 110 Fed. Appx. 432 (5th Cir. October 21, 2004) (unpublished opinion).

[3] <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

[4] <u>Id.</u>

[5] <u>Id.</u>

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Since Booker, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[8] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

In his supplemental letter brief, Marrufo-Gutierrez concedes that "the district court imposed [a] sentence at the top of [the Guidelines] range, and it gave no indication that it would have given a lower sentence in an advisory system." He further

___

[6] United States v. Cotton, 535 U.S. 625, 631 (2002).

[7] Id.

[8] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10] Id. at 522.

4

acknowledges that he cannot satisfy the plain error standard we articulated in <u>Mares</u>, but expresses his disagreement with that decision in order to preserve a challenge for possible Supreme Court review.  <u>Mares</u> is the settled law of this circuit and we may revisit it only <u>en</u> <u>banc</u> or following a Supreme Court decision that effectively overturns it.

### III.  CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Marrufo-Gutierrez's sentence is AFFIRMED.  The Government's motion to reinstate our prior affirmance is DENIED as moot.