United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50418
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO CONTRERAS-TERRAZAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. 3:04-CR-165-ALL-KC)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, Defendant-Appellant Jose Antonio Contreras-Terrazas has submitted a supplemental letter brief addressing the impact of Booker. The government has submitted a motion to reinstate our prior affirmance of his conviction and sentence, which Contreras-Terrazas opposes. For the following reasons, we find that Booker does not affect Contreras-Terrazas's sentence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I.   BACKGROUND

Contreras-Terrazas pleaded guilty to reentering the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326(a).  The district court increased Contreras-Terrazas's offense level under the Guidelines because he had a prior aggravated felony conviction, and the court ultimately sentenced him to 50 months imprisonment.  Contreras-Terrazas appealed his conviction challenging the constitutionality of the statute under which he was convicted.  We affirmed in an unpublished opinion.[2]  Contreras-Terrazas then obtained Supreme Court review on both his conviction and the constitutionality of his sentence under Booker.  As noted above, the Supreme Court remanded to us for reconsideration in light of Booker.

## II.   DISCUSSION

### A.   Standard of Review

Contreras-Terrazas raised his Booker claim for the first time in his petition for certiorari.  Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]  Therefore, if a

---

[2]U.S. v. Contreras-Terrazas, No. 04-50418, 110 Fed. Appx 450 (5th Cir. Oct. 21, 2004).

[3]U.S. v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[4]Id.

2

defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5]  Contreras-Terrazas argues that the extraordinary circumstances review is inapplicable in this case for a variety of reasons.  As his claim does not survive plain error review, we need not address his objections to the extraordinary circumstances standard.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines constitutes (1) error, and that error is (2) plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof, and he carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have

---

[5]Id.

[6]U.S. v. Cotton, 535 U.S. 625, 631 (2002).

[7]Id.

[8]U.S. v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9]Id. (quoting U.S. v. Dominguez Benitez, 542 U.S. 74 (2004)).

3

reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

In his supplemental letter brief, Contreras-Terrazas concedes that he cannot carry his burden under the third prong of the plain error test. Specifically, Contreras-Terrazas is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he urges us to abandon the standard of review we adopted in Mares and instead apply the plain error standard employed by, inter alia, the Fourth Circuit. Mares, however, is the settled law of this circuit, and we can revisit it only en banc or following a Supreme Court decision that effectively overturns it. Accordingly, we affirm the sentence imposed below.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Contreras-Terrazas's sentence is AFFIRMED. The government's motion to reinstate our prior affirmance is DENIED as moot.

---

[10]Id. at 522.