**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis MIRANDA–MOYA,**
**Defendant–Appellant.**

**No. 04–50579.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 6, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM: *

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in *United States v. Booker*.[1] At our request, Defendant–Appellant Jose Luis Miranda–Moya has submitted a supplemental letter brief addressing the impact of *Booker*, to which the Government has respond-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

ed with a motion to reinstate our prior affirmance of his conviction and sentence. Miranda–Moya opposes the Government's motion. For the following reasons, we find that *Booker* does not affect Miranda–Moya's sentence.

## I. BACKGROUND

Miranda–Moya pled guilty to and was convicted of attempting to enter the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. This offense carries a maximum penalty of two years' imprisonment. At the time of his attempt to reenter the United States, Miranda–Moya was on probation for a prior conviction for a crime of violence, which under § 1326(b) triggered an increase in the statutory maximum term of imprisonment. The district court imposed a sentence of 46 months' imprisonment. Miranda–Moya objected to the sentence on the ground that it exceeded the statutory maximum, which objection the district court overruled.

Miranda–Moya appealed his conviction and sentence, arguing that because the indictment did not state a § 1326(b) offense because it did not allege a prior conviction, his sentence exceeded the statutory maximum in violation of his constitutional due process rights. In his brief on appeal Miranda–Moya acknowledged that his arguments were foreclosed by precedent, but raised them only to preserve them for possible review by the Supreme Court. We affirmed the conviction and sentence in an unpublished opinion.[2] Miranda–Moya then petitioned the United States Supreme Court for a writ of certiorari. After *Booker* was decided, Miranda–Moya submitted a supplemental petition for certiorari in which he challenged his mandatory Guideline sentence. As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of *Booker*.

## II. DISCUSSION

### A. Standard of Review

Miranda–Moya raised his *Booker* claim for the first time in his supplemental petition for certiorari. Therefore, we will not review his *Booker* claim absent "extraordinary circumstances."[3] The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his *Booker* claim for the first time on appeal.[4] Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the extraordinary circumstances standard.[5] As Miranda–Moya's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Since *Booker*, sentencing under mandatory Guidelines (1) constitutes

---

**2.** *United States v. Miranda–Moya*, 110 Fed. Appx. 429 (5th Cir.2004) (unpublished opinion).

**3.** *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir.2005).

**4.** *Id.*

**5.** *Id.*

**6.** *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

**7.** *Id.*

error, and (2) that error is plain.[8] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.' "[9] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

In his supplemental letter brief, Miranda–Moya concedes that "the district judge made no particular remarks disagreeing with the requirements of the mandatory guidelines," or otherwise indicating that she would have sentenced him differently under an advisory Guidelines scheme. Instead, Miranda–Moya calls to our attention "mitigating circumstances surrounding [his] illegal reentry offense [that] support a finding of a reasonable likelihood of a lower sentence." He invites us to draw the conclusion that it was "apparently in light of these [mitigating] circumstances" that the district court imposed the minimum Guidelines sentence.

In *United States v. Bringier*, we held that "[t]he fact that the sentencing judge imposed the minimum sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme."[11] In his supplemental letter brief, Miranda–Moya attempts to distinguish *Bringier* from his case based on factual differences. But these differ-

ences—for example, that Bringier was a "large-scale drug trafficker" while Miranda–Moya was "an illegal alien who merely crossed the border"—have no bearing whatsoever on the question whether we may infer from a Guideline-minimum sentence that the defendant would have been sentenced differently under an advisory scheme. The significance of any factual differences is, of course, borne out in the sentences imposed: Bringier was sentenced to a Guideline-minimum 30 years' imprisonment, compared to Miranda–Moya's 46 months'. Yet, in neither case may we conclude that the district court would have imposed a lesser sentence under an advisory scheme. Miranda–Moya's attempt to distinguish *Bringier* is simply unconvincing. As he fails to demonstrate from the record that his sentence would have been significantly different under an advisory Guidelines scheme, he has not carried his burden to establish error affecting substantial rights.

Miranda–Moya next expresses his disagreement with our application of the plain error standard, as articulated in *Mares,* in order to preserve a challenge for possible Supreme Court review. He urges us to abandon our approach and instead apply that of the Fourth Circuit.[12] *Mares* is the settled law of this circuit, however, and we may revisit it only *en banc* or following a Supreme Court decision that effectively overturns it.

As Miranda–Moya has failed to satisfy plain error review, we do not reach his argument that error in his sentencing seri-

8. *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005).

9. *Id.* (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

10. *Id.* at 522.

11. 405 F.3d 310, 318 n. 4 (5th Cir.2005) (citing *Mares,* 402 F.3d at 521–22).

12. *See United States v. Hughes,* 401 F.3d 540, 549 (4th Cir.2005).

ously affected the fairness, integrity and public reputation of the proceedings.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Miranda–Moya's sentence is AFFIRMED. The Government's motion to reinstate our prior affirmance is DENIED as moot.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).