**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40218
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REYES VILLASENOR-ARROYO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(No. L-03-CR-1560-1)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM: [*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1] At our request, the parties have submitted supplemental letter briefs addressing the impact of <u>Booker</u>. For the following reasons, we find that <u>Booker</u> does not affect Defendant-Appellant Reyes Villasenor-Arroyo's sentence.

## I.  BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

In October 2003, Villasenor-Arroyo pleaded guilty to being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326. The district court increased Villasenor-Arroyo's offense level under the Guidelines because he had a prior felony drug conviction. With a three-level reduction for acceptance of responsibility, Villasenor-Arroyo's Guidelines range ultimately called for 46-57 months imprisonment.

The Presentence Investigation Report revealed that Villasenor-Arroyo has lived most of his life in the United States, and that he has six minor children who live in Texas and Wisconsin. At his sentencing hearing, Villasenor-Arroyo apologized for his crime and explained that the only reason he returned to the United States was to see his children. The court was aware of Villasenor-Arroyo's family circumstances, and "appreciate[d] [that it is] a great source of emotion and anguish." At the conclusion of the sentencing hearing, the district court sentenced Villasenor-Arroyo to 46 months imprisonment, a term at the low end of the Guidelines. In imposing the sentence, the court explained that Villasenor-Arroyo's "record is a serious one. I guess I think the low end, sir, serves the necessary purpose. It's an awful lot of time any way you look at it. I really hope you will not come back, sir. Your children will have to come to Mexico to visit you."

Villasenor-Arroyo appealed his conviction, challenging the constitutionality of the statute under which he was convicted. We

2

affirmed his conviction in an unpublished opinion.[2]  Villasenor-Arroyo then appealed to the United States Supreme Court, arguing not only that his conviction is unconstitutional, but also that his sentence is unconstitutional under <u>Booker</u>.  As noted above, the Supreme Court remanded to us for reconsideration in light of <u>Booker</u>.

## II.  DISCUSSION

### A.  Standard of Review

Villasenor-Arroyo raised his <u>Booker</u> claim for the first time in his petition for certiorari.  Therefore, we will not review his <u>Booker</u> claim absent "extraordinary circumstances."[3]  We have yet to delineate specifically what constitutes extraordinary circumstances.  Instead, we have simply observed that the extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his <u>Booker</u> claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5]

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects

---

[2]<u>U.S. v. Villasenor-Arroyo</u>, No. 04-40218, 110 Fed. Appx. 440 (5th Cir. Oct. 21, 2004).

[3]<u>U.S. v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

[4]<u>Id.</u>

[5]<u>Id.</u>

3

substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since <u>Booker</u>, sentencing under mandatory Guidelines constitutes (1) error, and that error is (2) plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof, and he carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B.  Merits

Villasenor-Arroyo contends that the district court would have imposed a significantly different sentence on the basis of comments that it made during his sentencing hearing.  Specifically, he points to the court's empathy for his family situation. Furthermore, he notes that the court recognized the harshness of the sentence.  The court, however, prefaced its recognition with the observation that  Villasenor-Arroyo's "record is a serious

---

[6]<u>U.S. v. Cotton</u>, 535 U.S. 625, 631 (2002).

[7]<u>Id.</u>

[8]<u>U.S. v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005).

[9]<u>Id.</u> (quoting <u>U.S. v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[10]<u>Id.</u> at 522.

4

one," and concluded that the sentence imposed "serves the necessary purpose." Therefore, read in context, the court's empathy and other comments likely do not demonstrate a significant probability that it would have sentenced Villasenor-Arroyo differently under an advisory Guidelines scheme.[11] Accordingly, Villasenor-Arroyo is not entitled to relief under plain error review, much less extraordinary circumstances review.

In the alternative, Villasenor-Arroyo argues that <u>Booker</u> error is structural, and that we should therefore remand for resentencing on that ground. This circuit, however, has determined that <u>Booker</u> error is not structural.[12] Villasenor-Arroyo also insists that <u>Booker</u> error should be presumed prejudicial. Again, this circuit has determined that <u>Booker</u> error should not be presumed prejudicial.[13] Villasenor-Arroyo presents no viable ground for remand. Accordingly, we affirm his original sentence.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Villasenor-Arroyo's sentence is

AFFIRMED.

---

[11]<u>Cf. U.S. v. Higginbotham</u>, No. 04-50018, 137 Fed. Appx. 665 (5th Cir. June 20, 2005) (denying relief even though the sentencing court observed the harshness of the sentence imposed because the court's comments did not necessarily reflect a view that the sentence was itself unfair).

[12]<u>U.S. v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>U.S. v. Arnold</u>, 416 F.3d 349 (5th Cir. 2005).

[13]<u>Arnold</u>, 419 F.3d 349.