United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50385
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AVILES-JAIMES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. 1:04-CR-12-ALL-SS)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, Defendant-Appellant Jose Aviles-Jaimes has submitted a supplemental letter brief addressing the impact of Booker, to which the Government has responded with a motion to reinstate our prior affirmance of his conviction and sentence. For the following reasons, we find that Booker does not affect Aviles-Jaimes's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

In February 2004, Aviles-Jaimes pleaded guilty to being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326.  This offense carries a maximum penalty of two years' imprisonment under § 1326(a) and one year of supervised release.  Pursuant to § 1326(b), however, the district court increased Aviles-Jaimes's offense level under the Guidelines based on its findings that he committed his reentry offense while on parole and less than two years after being released from custody for a prior offense.  The district court sentenced Aviles-Jaimes to 41 months' imprisonment and three years of supervised release.

Aviles-Jaimes appealed his conviction, arguing that his indictment did not state a § 1326(b) offense because it did not allege a prior conviction, and that his sentence therefore exceeded the statutory maximum in violation of the Constitution.  We affirmed his conviction and sentence in an unpublished opinion.[2] Aviles-Jaimes then applied to the United States Supreme Court for relief, challenging for the first time in his petition for certiorari the constitutionality of the Sentencing Guidelines as applied to him.  As noted above, the Supreme Court remanded to us for reconsideration in light of Booker.

---

[2] United States v. Aviles-Jaimes, No. 04-50385, 112 Fed. Appx. 341 (5th Cir. Oct. 21, 2004).

2

## II. DISCUSSION

### A. Standard of Review

Aviles-Jaimes raised his <u>Booker</u> claim for the first time in his petition for certiorari. Therefore, we will not review his <u>Booker</u> claim absent "extraordinary circumstances."[3] The extraordinary circumstances standard is more demanding than the plain error standard that we employ when a defendant has raised his <u>Booker</u> claim for the first time on appeal.[4] Therefore, if a defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5] As Aviles-Jaimes's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

Under plain error review, we will not remand for resentencing unless (1) there is error, (2) that error is plain, and (3) it affects substantial rights.[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Since <u>Booker</u>, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[8] Whether the error affects substantial rights is

---

[3] <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

[4] <u>Id.</u>

[5] <u>Id.</u>

[6] <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

[7] <u>Id.</u>

[8] <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005).

a more complex inquiry in which the defendant bears the burden of proof. He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

**B.  Merits**

In his supplemental letter brief, Aviles-Jaimes concedes that he cannot carry his burden under the third prong of the plain error test. Specifically, Aviles-Jaimes is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he urges us to abandon the standard of review we adopted in Mares and instead apply the plain error standard employed by, inter alia, the Fourth Circuit.[11] Mares, however, is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it. Accordingly, we affirm the sentence imposed below.

### III.  CONCLUSION

---

[9] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10] Id. at 522.

[11] See, e.g., United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

4

As there exist no extraordinary circumstances or other grounds for relief, Aviles-Jaimes's sentence is AFFIRMED. The Government's motion to reinstate our prior affirmance is DENIED as moot.