United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50519
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE FRAUSTO-GARCIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. 3:03-CR-2300-ALL-DB)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, Defendant-Appellant Jorge Frausto-Garcia has submitted a supplemental letter brief addressing the impact of Booker. The government has submitted a motion to reinstate our prior affirmance of Frausto-Garcia's conviction and sentence, which Frausto-Garcia opposes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

Frausto-Garcia pleaded guilty to reentering the United States unlawfully following deportation.  The district court increased Frausto-Garcia's offense level under the Guidelines because he committed his reentry offense while on supervised release and less than two years after being released from custody for a prior offense.  Frausto-Garcia appealed his conviction and sentence, and we affirmed in an unpublished opinion.[2]  Frausto-Garcia then obtained Supreme Court review on the issues he raised on appeal and on the constitutionality of his sentence under <u>Booker</u>.  As noted above, the Supreme Court remanded to us for reconsideration in light of <u>Booker</u>.

## II.  DISCUSSION

### A.  Standard of Review

Frausto-Garcia raised his <u>Booker</u> claim for the first time in his petition for certiorari.  Therefore, we will not review his <u>Booker</u> claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his <u>Booker</u> claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy plain error review, he certainly cannot

---

[2]<u>U.S. v. Frausto-Garcia</u>, No. 04-50519, 111 Fed. Appx 319 (5th Cir. Oct. 21, 2004).

[3]<u>U.S. v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

[4]<u>Id.</u>

2

satisfy extraordinary circumstances review.[5] Frausto-Garcia argues that the extraordinary circumstances review is inapplicable in this case for a variety of reasons. As his claim does not survive plain error review, we need not address his objections to the extraordinary circumstances standard.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Since Booker, sentencing under mandatory Guidelines constitutes error, and that error is plain.[8] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden only if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

---

[5]Id.

[6]U.S. v. Cotton, 535 U.S. 625, 631 (2002).

[7]Id.

[8]U.S. v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9]Id. (quoting U.S. v. Dominquez Benitez, 542 U.S. 74 (2004)).

[10]Id. at 522.

3

**B.  Merits**

In his supplemental letter brief, Frausto-Garcia concedes that he cannot carry his burden under the third prong of the plain error test.  Specifically, Frausto-Garcia is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme.  Instead, he urges us to abandon the standard of review we adopted in <u>Mares</u> and instead apply the plain error standard employed by, <u>inter alia</u>, the Fourth Circuit.  <u>Mares</u>, however, is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it.  Accordingly, we affirm the sentence as imposed.

### III.  CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Frausto-Garcia's sentence is AFFIRMED.  The government's motion to reinstate our prior affirmance is DENIED as moot.