**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50535
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO JESUS MARTINEZ-ALFARO, also
known as Francisco Rendon Martinez,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(5:03-CR-608-ALL)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

     This matter is before us on remand from the United States

Supreme Court for reconsideration in light of its recent opinion in

United States v. Booker.[1]  At our request, Defendant-Appellant

Francisco Martinez-Alfaro has submitted a supplemental letter brief

addressing the impact of Booker, to which the Government has

responded with a motion to reinstate our prior affirmance of his

conviction and sentence.  Martinez-Alfaro opposes the Government's

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  543 U.S. ——, 125 S. Ct. 738 (2005).

motion. For the following reasons, we find that <u>Booker</u> does not affect Martinez-Alfaro's sentence.

## I. BACKGROUND

Martinez-Alfaro pled guilty to and was convicted of being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326. This offense carries a maximum penalty of two years' imprisonment and one year of supervised release. Martinez-Alfaro had a prior conviction for aggravated sexual assault, which under § 1326(b) triggered an increase in the statutory maximum term of imprisonment and supervised release. The district court imposed a sentence of 57 months' imprisonment to be followed by three years' supervised release. Martinez-Alfaro objected to the sentence on the ground that it exceeded the statutory maximum, which objection the district court overruled.

Martinez-Alfaro appealed his conviction and sentence, arguing that because the indictment did not state a § 1326(b) offense because it did not allege a prior conviction, his sentence exceeded the statutory maximum in violation of the Constitution. In his brief on appeal Martinez-Alfaro acknowledged that his arguments were foreclosed by precedent, but raised them only to preserve them for possible review by the Supreme Court. We affirmed the conviction and sentence in an unpublished opinion.[2] Martinez-Alfaro then petitioned the United States Supreme Court for a writ of certiorari. After <u>Booker</u> was decided, Martinez-Alfaro submitted

---

[2] <u>United States v. Martinez-Alfaro</u>, No. 04-50535, 110 Fed. Appx. 430 (5th Cir. October 21, 2004) (unpublished opinion).

a supplemental petition for certiorari in which he challenged his mandatory Guideline sentence. As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of Booker.

## II. DISCUSSION

### A. Standard of Review

Martinez-Alfaro raised his Booker claim for the first time in his supplemental petition for certiorari. Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3] The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4] Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the extraordinary circumstances standard.[5] As Martinez-Alfaro's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public

---

[3] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[4] Id.

[5] Id.

[6] United States v. Cotton, 535 U.S. 625, 631 (2002).

3

reputation of judicial proceedings."[7]   Since <u>Booker</u>, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[8]   Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof.   He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]   The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B.   Merits

In his supplemental letter brief, Martinez-Alfaro concedes that "the district court made no particular remarks disagreeing with the requirements of the mandatory guidelines," or otherwise indicating that it would have sentenced him differently under an advisory Guidelines scheme.   Instead, Martinez-Alfaro calls to our attention "mitigating circumstances surrounding [his] illegal reentry offense that support a finding of a reasonable likelihood of a lower sentence," and notes after reviewing these mitigating circumstances that the district court imposed the lowest Guideline sentence.

---

[7] <u>Id.</u>

[8] <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005).

[9] <u>Id.</u> (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[10] <u>Id.</u> at 522.

In <u>United States v. Bringier</u>, we held that "[t]he fact that the sentencing judge imposed the minimum sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme."[11] In his supplemental letter brief, Martinez-Alfaro attempts to distinguish <u>Bringier</u> from his case based on factual differences. But these differences —— for example, that Bringier was a "large-scale drug trafficker" while Martinez-Alfaro was "an illegal alien who merely crossed the border" —— have no bearing whatsoever on the question whether we may infer from a Guideline-minimum sentence that the defendant would have been sentenced differently under an advisory scheme. The significance of any factual differences is, of course, borne out in the sentences imposed: Bringier was sentenced to a Guideline-minimum 30 years' imprisonment, compared to Martinez-Alfaro's 57 months'. Yet, in neither case may we conclude that the district court would have imposed a lesser sentence under an advisory scheme. Martinez-Alfaro's attempt to distinguish <u>Bringier</u> is simply unconvincing. As he fails to demonstrate from the record that his sentence would have been significantly different under an advisory Guidelines scheme, he has not carried his burden to establish error affecting substantial rights.

Martinez-Alfaro next expresses his disagreement with our application of the plain error standard, as articulated in <u>Mares</u>,

---

[11] 405 F.3d 310, 318 n.4 (5th Cir. 2005) (citing <u>Mares</u>, 402 F.3d at 521-22).

in order to preserve a challenge for possible Supreme Court review. <u>Mares</u> is the settled law of this circuit, however, and we may revisit it only <u>en</u> <u>banc</u> or following a Supreme Court decision that effectively overturns it.

As Martinez-Alfaro has failed to satisfy plain error review, we do not reach his argument that error in his sentencing seriously affected the fairness, integrity and public reputation of the proceedings.

### III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Martinez-Alfaro's sentence is AFFIRMED. The Government's motion to reinstate our prior affirmance is DENIED as moot.