United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40144
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MANUELA DELAROSA CIVIL, also known as
Manuela Delarosa Martinez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-141-1
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Manuela Delarosa Civil (Civil) appeals the sentence imposed

upon her guilty plea to distribution of less than 50 grams of

methamphetamine (meth), in violation of 21 U.S.C. § 841(a)(1).

Civil contends that the district court erred by finding that she

was not entitled to a minor role adjustment in her Sentencing

Guideline offense level pursuant to U.S.S.G. § 3B1.2.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Civil's contention lacks merit because the unrefuted evidence shows that she was a key participant in the drug-trafficking transaction for which she was convicted. First, after Civil received the meth without having to pay for it in advance, she stored it until she could sell and deliver it. She sought out a female customer who would take the meth into the federal prison where her codefendant was incarcerated. When an undercover agent (UC) telephoned her, Civil readily seized the opportunity to deal with her. Civil then negotiated the price for the meth and the time and place for the delivery. Civil personally delivered the meth to the customer, accepting $2,000 in payment for it. Civil then coached the UC on how to smuggle the meth into the prison. Finally, Civil admitted that she had intended to wire the proceeds to the supplier.

Civil argues that she is entitled to the role adjustment because she was a minor participant in the global offense of drug distribution in the federal prison. Civil argues that the district court's ruling was inconsistent with its penalizing her two levels for the global conspiracy of bringing drugs into the prison, pursuant to U.S.S.G. § 2D1.1(b)(3).

This lacks merit because the upward adjustment was based on the evidence that the meth that Civil distributed as charged in Count II was intended to be smuggled into the prison. A defendant is not entitled to the minor-participant adjustment if her sentence is based solely on activity in which she was

personally involved, even if her involvement in a larger conspiracy was minor or minimal.  <u>United States v. Garcia</u>, 242 F.3d 593, 598-99, (5th Cir. 2001).  Accordingly, the district court's finding that Civil was not a minor participant is not clearly erroneous.

AFFIRMED.