**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40144
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUELA DELAROSA CIVIL, also known as
Manuela Delarosa Martinez,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(No. 1:03-CR-141-1)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1]  At our request, the parties have submitted supplemental letter briefs addressing the impact of <u>Booker</u>.  For the following reasons, we find that <u>Booker</u> does not affect Defendant-Appellant Manuela Delarosa Civil's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ––, 125 S. Ct. 738 (2005).

# I.  BACKGROUND

Civil pled guilty to and was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  Her base offense level under § 2D1.1(c)(6) of the Sentencing Guidelines was 28, based on the quantity of methamphetamine involved.  Her offense level was then increased by two levels pursuant to USSG § 2D1.1(b)(3), based on a finding by the district court that the object of the offense was the distribution of a controlled substance in a federal prison.  Civil met the stringent criteria for the safety valve exception of USSG § 5C1.2 and thereunder received a two-level reduction.  Finally, Civil received a three-level reduction for acceptance of responsibility, under USSG § 3E1.1, resulting in a total offense level of 25.  With a criminal history category of I, the applicable guideline range for imprisonment was 57-71 months, and the district court sentenced Civil to 57 months' imprisonment.  Although the district court sentenced Civil to the minimum Guidelines sentence, it made no statement whatsoever concerning whether it would be inclined to impose a lesser sentence under an advisory sentencing scheme.

Civil appealed her conviction and sentence, arguing that she was erroneously denied a downward adjustment to her sentence under USSG § 3B1.2(b) based on her minor role in the offense.  We affirmed in an unpublished opinion, upholding the district court's finding that Civil was in fact a key participant in the drug

trafficking transaction for which she was convicted.[2]  Civil then petitioned the United States Supreme Court for a writ of certiorari.  As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of Booker.

## II.  DISCUSSION

### A.  Standard of Review

Civil raised her Booker claim for the first time in her petition for certiorari.  Therefore, we will not review her Booker claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised her Booker claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy the plain error standard, she certainly cannot satisfy the extraordinary circumstances standard.[5]  As Civil's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

---

[2] United States v. Civil, No. 04-40144, 112 Fed. Appx. 968 (5th Cir. October 20, 2004) (unpublished opinion).

[3] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). In their supplemental letter briefs the parties both state that plain error is the appropriate standard of review; we disagree. See United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc) ("A reviewing court may reject both parties' approach to the standard [of review;] ... [i]f neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own ....") (citations omitted).  In any event, as discussed below Civil does not satisfy even plain error review.

[4] Taylor, 409 F.3d at 676.

[5] Id.

3

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Since Booker, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[8] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. She carries her burden if she can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9] The defendant demonstrates such a probability when she identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

In her supplemental letter brief, Civil concedes that there are no statements by the district court in the record indicating that it would have sentenced her differently under an advisory Guidelines scheme. Instead, Civil calls to our attention the fact

---

[6] United States v. Cotton, 535 U.S. 625, 631 (2002).

[7] Id.

[8] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10] Id. at 522.

4

that the district court imposed only the minimum sentence under the Guidelines. However, we have held that "[t]he fact that the sentencing judge imposed the minimum sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme."[11] Civil thus fails to demonstrate from the record that her sentence would have been significantly different under an advisory Guidelines scheme, and she therefore has not carried her burden to establish error affecting substantial rights.

Civil next argues that she should not be required to carry this burden at all, because Booker error is (1) structural and (2) presumptively prejudicial. We have specifically rejected both of these contentions.[12] Civil further urges us to abandon our approach under Mares and instead apply the law of the Fourth,[13] Sixth[14] and Ninth[15] Circuits. Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it.

---

[11] United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (citing Mares, 402 F.3d at 521-22).

[12] See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005) (rejecting structural error argument); United States v. Arnold, 416 F.3d 349, 2005 WL 1546254 at *9 n.23 (5th Cir. 2005) (rejecting both structural error and presumptive prejudice arguments).

[13] See United States v. Hughes, 396 F.3d 374 (4th Cir. 2005).

[14] See United States v. Oliver, 397 F.3d 369 (6th Cir. 2005).

[15] See United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc).

As Civil has failed to satisfy plain error review, we do not reach her argument that error in her sentencing seriously affected the fairness, integrity and public reputation of the proceedings.

### III.   CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Civil's sentence is AFFIRMED.