**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50597
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

NOE MACIAS-ORTIZ, also known as
Noe Macias-Garcia, also known as
Gerardo Macias-Ortiz

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(5:04-CR-318-ALL-DB)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM: [*]

    This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1]  At our request, Defendant-Appellant Noe Macias-Ortiz has submitted a supplemental letter brief addressing the impact of <u>Booker</u>, to which the Government has responded with a motion to reinstate our prior affirmance of his conviction and sentence.  Macias-Ortiz opposes the Government's motion.  For the

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1]  543 U.S. ——, 125 S. Ct. 738 (2005).

following reasons, we find that <u>Booker</u> does not affect Macias-Ortiz's sentence.

## I.   BACKGROUND

Macias-Ortiz pled guilty to and was convicted of being in the United States unlawfully following deportation, in violation of 8 U.S.C. § 1326.   This offense carries a maximum penalty of two years' imprisonment.   Macias-Ortiz had a prior felony conviction for drug trafficking, which under § 1326(b) triggered an increase in the statutory maximum term of imprisonment.   The district court imposed a sentence of 57 months' imprisonment.   Macias-Ortiz objected to the sentence on the ground that it exceeded the statutory maximum, which objection the district court overruled.

Macias-Ortiz appealed his conviction and sentence, arguing that because the indictment did not state a § 1326(b) offense because it did not allege a prior conviction, his sentence exceeded the statutory maximum in violation of his constitutional due process rights.   In his brief on appeal Macias-Ortiz acknowledged that his arguments were foreclosed by precedent, but raised them only to preserve them for possible review by the Supreme Court.   We affirmed the conviction and sentence in an unpublished opinion.[2] Macias-Ortiz then petitioned the United States Supreme Court for a writ of certiorari.   After <u>Booker</u> was decided, Macias-Ortiz submitted a supplemental petition for certiorari in which he challenged his mandatory Guideline sentence.   As noted above, the

---

[2] <u>United States v. Macias-Ortiz</u>, No. 04-50597, 110 Fed. Appx. 427 (5th Cir. October 21, 2004) (unpublished opinion).

Supreme Court vacated the judgment and remanded to this court for further consideration in light of Booker.

## II.    DISCUSSION

## A.    Standard of Review

Macias-Ortiz raised his Booker claim for the first time in his supplemental petition for certiorari.  Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the extraordinary circumstances standard.[5]  As Macias-Ortiz's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines (1) constitutes error, and (2) that

---

[3] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[4] Id.

[5] Id.

[6] United States v. Cotton, 535 U.S. 625, 631 (2002).

[7] Id.

error is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof.  He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B.  Merits

In his supplemental letter brief, Macias-Ortiz concedes that "the district judge made no particular remarks disagreeing with the requirements of the mandatory guidelines," or otherwise indicating that she would have sentenced him differently under an advisory Guidelines scheme.  Instead, Macias-Ortiz suggests that "the circumstances of the case, particularly the district court's imposition of the lowest possible guideline sentence, support a reasonable probability that a lower sentence would have been imposed under an advisory guideline regime."

As Macias-Ortiz acknowledges in his letter brief, in United States v. Bringier[11] we flatly rejected this same argument.  We held that "[t]he fact that the sentencing judge imposed the minimum

---

[8] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10] Id. at 522.

[11] 405 F.3d 310 (5th Cir. 2005).

sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme."[12] In his supplemental letter brief, however, Macias-Ortiz attempts to distinguish Bringier from his case based on factual differences. But these differences -- for example, that Bringier was a "large-scale drug trafficker" while Macias-Ortiz was "an illegal alien who merely crossed the border" -- have no bearing whatsoever on the question whether we may infer from a Guideline-minimum sentence that the defendant would have been sentenced differently under an advisory scheme. The significance of any factual differences is, of course, borne out in the sentences imposed: Bringier was sentenced to a Guideline-minimum 30 years' imprisonment, compared to Macias-Ortiz's 57 months'. Yet, in neither case may we conclude that the district court would have imposed a lesser sentence under an advisory scheme. Macias-Ortiz's attempt to distinguish Bringier is simply unconvincing. As he fails to demonstrate from the record that his sentence would have been significantly different under an advisory Guidelines scheme, he has not carried his burden to establish error affecting substantial rights.

Macias-Ortiz next expresses his disagreement with our application of the plain error standard, as articulated in Mares, in order to preserve a challenge for possible Supreme Court review. He urges us to abandon our approach and instead apply that of the

---

[12] 405 F.3d at 318 n.4 (citing Mares, 402 F.3d at 521-22).

Fourth Circuit.[13]   Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it.

As Macias-Ortiz has failed to satisfy plain error review, we do not reach his argument that error in his sentencing seriously affected the fairness, integrity and public reputation of the proceedings.

### III.   CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Macias-Ortiz's sentence is AFFIRMED.   The Government's motion to reinstate our prior affirmance is DENIED as moot.

---

[13] See United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005).

6