**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50675
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS HERERRA-NUNEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(No. EP-04-CR-316-PRM)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1]  At our request, Defendant-Appellant Santos Herrera-Nunez has submitted a supplemental letter brief addressing the impact of <u>Booker</u>.  The government has submitted a motion to reinstate our prior affirmance of Herrera-Nunez's conviction and sentence.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  543 U.S. ——, 125 S. Ct. 738 (2005).

## I.   BACKGROUND

Herrera-Nunez pleaded guilty to reentering the United States unlawfully following removal, in violation of 8 U.S.C. § 1326.   The district court determined that the applicable term of imprisonment under the then-mandatory United States Sentencing Guidelines ("Guidelines") was 46 to 57 months, and ultimately sentenced him to a term of 48 months imprisonment.   Herrera-Nunez appealed his conviction and sentence, and we affirmed in an unpublished opinion.[2]   Herrera-Nunez then obtained Supreme Court review on the issues he raised on appeal and on the constitutionality of his sentence under Booker.   As noted above, the Supreme Court remanded to us for reconsideration in light of Booker.

## II.   DISCUSSION

### A.   Standard of Review

Herrera-Nunez raised his Booker claim for the first time in his petition for certiorari.   Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3]   The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]   Therefore, if a

---

[2]United States v. Herrera-Nunez, No. 04-50519, 110 Fed. Appx 428 (5th Cir. Oct. 21, 2004).

[3]United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[4]Id.

2

defendant cannot satisfy plain error review, he certainly cannot satisfy extraordinary circumstances review.[5]

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines constitutes error, and that error is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden only if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

---

[5]Id.

[6]United States v. Cotton, 535 U.S. 625, 631 (2002).

[7]Id.

[8]United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9]Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10]Id. at 522.

## B.   Merits

In his supplemental letter brief, Herrera-Nunez concedes that he cannot carry his burden under the third prong of the plain error test.   Specifically, Herrera-Nunez is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme.   Instead, he advances his arguments regarding his sentence only to preserve them for possible Supreme Court review.   As Herrera-Nunez candidly admits, his sentence does not conflict with Booker under the settled law of this Circuit. Accordingly, we affirm the sentence as imposed.

## III.   CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Herrera-Nunez's sentence is AFFIRMED.   The government's motion to reinstate our prior affirmance is DENIED as moot.

4