United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20603
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS GAMA-REYNOSO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-423-ALL
---------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Jesus Gama-Reynoso (Gama), appeals the sentence imposed
following his guilty plea conviction for illegally reentering the
United States.  For the first time on appeal, Gama contends that,
in light of United States v. Booker, 543 U.S. 220 (2005), the
district court committed reversible error by sentencing him under
mandatory Sentencing Guidelines.

This claim is reviewed only for plain error.  See United
States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

126 S. Ct. 464 (2005). Gama has shown that the district court clearly erred by sentencing him under a mandatory guidelines system. See id. at 600; Booker, 125 S. Ct. at 756-57. Because the court's remarks about the sentence are equivocal, Gama has not, however, shown that the error affected his substantial rights.

As the Government correctly notes, a sentencing judge's comment that the guidelines sentence is "harsh" does not alone establish that the error affected the defendant's substantial rights, nor does a sentence at the bottom of the guideline range. See United states v. Bringier, 405 F.3d 310, 317 & n.2 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). In Bringier, the sentencing court "did not lament over the sentence he imposed, nor did he state that the sentence is 'more than appropriate' or 'too severe.' Instead, he merely acknowledged the sentence was harsh." Bringier, 405 F.3d at 318 (emphasis in original). Here, the court used the term, "somewhat harsh", but she also noted that "a sentence at the low end of the applicable guideline range is sufficient in this case to meet the sentencing objectives of punishment, deterrence and incapacitation." We are not persuaded that the district court's remarks suggest that it may have imposed a lesser sentence under advisory Guidelines. See United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005).

Gama's conviction and sentence are affirmed.

AFFIRMED.