United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30868
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMIE L. WILLIAMS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-30006-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sammie L. Williams appeals his conditional guilty-plea conviction for possession with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. He argues that the district court erred in denying his motion to suppress the cocaine and firearm seized in conjunction with the traffic stop that led to his arrest.

Given the inconsistencies in Williams's statements to the trooper, his inability to explain a portion of his travels, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nervous behavior, the fact that he was not the owner of the van and could not locate any paperwork for the van, and, most importantly, the large number of air fresheners in the van, we conclude that the trooper had a reasonable suspicion of drug trafficking before he ran the computer check on the vehicle. See United States v. Brigham, 382 F.3d 500 (5th Cir. 2004) (en banc).

The trooper also learned that Williams had a drug-related criminal history. It is unclear from the record when the trooper learned this information. But see United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990) (evidence must be viewed in the light most favorable to the prevailing party). Even if, as Williams asserts, the trooper asked about his criminal history between the check on the vehicle and his criminal history, the timing of the question did not render the detention unconstitutional because the computer check on the vehicle had not dispelled the trooper's suspicion of drug trafficking. Moreover, Williams does not argue that the time it took to ask that question unreasonably prolonged his detention. "[D]etention, not questioning, is the evil at which Terry's second prong is aimed." Brigham, 382 F.3d at 508 (quoting United States v. Shabazz, 993 F.2d 431, 436 (5th Cir. 1993)). Finally, the record indicates that the criminal history check took five minutes, not because the trooper was trying to delay the detention, but because the check involved an out-of-state license.

As there was no Fourth Amendment violation, Williams's consent to search the van was not unconstitutionally tainted.  See Brigham, 382 F.3d at 512.  The district court's judgment is AFFIRMED.