United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30868
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMMIE L. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-30006-ALL
_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Appellant Williams's conviction and sentence. See United States v. Williams, No. 03-30868, 113 Fed. Appx. 620 (5th Cir. 2004) (per curiam) (unpublished). Following our judgment, the defendant

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

timely petitioned the Supreme Court for a writ of certiorari alleging for the first time in his petition that the use of the mandatory Sentencing Guidelines violated his Sixth Amendment rights. The Supreme Court granted the writ, vacated defendant's sentence, and remanded to this court for consideration of defendant's sentence in light of its decision in United States v. Booker, 543 U.S. 220 (2005). We now reconsider the matter and decide to reinstate our previous judgment affirming Williams's conviction and sentence.

Absent extraordinary circumstances, we will not consider a defendant's Booker-related claims presented for the first time in a petition for writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Had Williams raised his Booker-related claims in his initial appellate brief, this court would have reviewed the argument for plain error. Id. at 677. Williams concedes that he cannot show that any error affected his substantial rights, as is required under our circuit's plain error review. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005). Because Williams fails plain error review, he also fails to show extraordinary circumstances, which is a more demanding standard. Taylor, 409 F.3d at 677.

2

Williams's structural-error and presumptive-prejudice contentions are also foreclosed. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 & n.9 (5th Cir. 2005).

For the reasons stated above, our prior disposition remains in effect and we REINSTATE OUR EARLIER JUDGMENT affirming Williams's conviction and sentence.